IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CR3019 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT F. RIGHTER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Using a computer, the Internet, file sharing programs and a savvy understanding of how those things work together, Robert F. Righter downloaded and possessed child pornography starting as early December 20, 2010 and law enforcement agents were able to access some of that pornography over the Internet. Some of the pornography found on his equipment included the "Vicky series" and the "Amy series." The evidence reveals that these "series" represent two particularly horrendous examples of little girls being viciously assaulted and photographed. Thereafter, this bilge went "viral" on the Internet. "Vicky" now seeks restitution in the sum $952,759.81. and "Amy" seeks $3,367,854

After careful consideration of the evidence and the briefs, I decide that "Vicky" and "Amy" are each entitled to $12,500 as restitution in this case.[1] My explanation for this ruling will be short. The evidence reveals that there are those who have a sick fascination with"Vicky" and "Amy" and brevity is therefore the prudent course.

---

[1] While not attaching a great deal of significance to the point, my restitution order falls within the Guideline range for fines ($25,000 to $250,000) and I have not imposed a fine in this case.

First, I must award restitution–it is mandatory. **18 U.S.C. § 2259**.

Second, for those items of loss described in 18 U.S.C. § 2259(b)(3)(A)-(E) there is no "proximate cause" requirement because those portions of the statute do not contain one.

Third, for "other" losses described in **18 U.S.C. § 2259(b)(3)(F)** there is a proximate cause requirement because the statute says so.

Regarding points two and three above, I agree with Chief Judge Jones' statement that:

> The structure and language of § 2259(b)(3) impose a proximate causation requirement only on miscellaneous "other losses" for which a victim seeks restitution. As a general proposition, it makes sense that Congress would impose an additional restriction on the catchall category of "other losses" that does not apply to the defined categories. By construction, Congress knew the kinds of expenses necessary for restitution under subsections A through E; equally definitionally, it could not anticipate what victims would propose under the open-ended subsection F.
>
> Comparing the language of § 2259 with other restitution statutes affirms the conclusion that proximate causation applies only to the catchall category of harms. Under the VWPA, a victim is "a person directly and proximately harmed as a result of the commission of an offense...." **18 U.S.C. § 3663A(a)(2)** (emphasis added). In contrast, § 2259, enacted 14 years later as part of the MVRA, defines a victim as "the individual harmed as a result of a commission of a crime...." **18 U.S.C. § 2259(c)** (emphasis added). Comparing these statutes reveals that Congress abandoned the proximate causation language that would have reached all categories of harm via the definition of a victim. This change is consistent with the reasons for enacting a second generation of restitution statutes. *See*, *e.g.*, ***Unites States v. Ekanem*, 383 F.3d 40, 44 (2d Cir.2004)** (noting "the intent and purpose of the MVRA to expand,

rather than limit, the restitution remedy."), *United States v. Perry*, 360 F.3d 519, 524 (6th Cir.2004) ("The new law unquestionably reflects a dramatically more 'pro-victim' congressional attitude...."). The evolution in victims' rights statutes demonstrates Congress's choice to abandon a global requirement of proximate causation.

*In Re Amy Unknown*, 636 F.3d 190, 198-199 (5th Cir. 2011).

Fourth, there is a difference between "proximate cause" and "cause." That said, any loss described in 18 U.S.C. § 2259(b)(3)(A)-(E) suffered by "Vicky" or "Amy" must have been "caused" (in whole or in part) by the defendant although it need not be the "proximate" cause or the only cause.

Fifth, although I do not suggest that the defendant had the intent to harm "Vicky" or "Amy," by possessing this material and also by having the capacity to make it available to others over the Internet[2], the defendant personally and actually harmed "Vicky" and "Amy" as their evidence graphically proves.

Sixth, because the statute does not say so and because due process would not allow, the defendant cannot be responsible for injury to "Vicky" or "Amy" or loss suffered by them prior to the first date of the defendant's criminal offense.

Seventh, while "Vicky" and "Amy" suffered some injury and loss on and after the first date of the defendant's criminal offense, the nature of that injury and the amount of that loss is neither clear nor precise.

---

[2]It is irrelevant where the defendant stored the "Vicky" or "Amy" series on his computer. The fact that he possessed these materials, and could have made them available using his computer is all that counts.

Eighth, for medical and psychiatric care, occupational therapy and lost income, "Vicky" and "Amy" are each entitled to $12,500. I find as a matter of fact that "Vicky" and "Amy" have each actually suffered at least that in statutory damages although the precise amount of loss may in fact be much higher. However, without a more targeted evidentiary presentation geared to the condition of "Vicky" or "Amy" on and after the first date of the defendant's offense, the award I have made is a reasonable estimate and consistent with the government's request.

Ninth, while limited to $25,000 in total ($12,500 to "Vicky" and $12,500 to "Amy"), the defendant's restitution obligation is joint and several with all persons who have been convicted and sentenced for possessing, receiving, distributing or producing child pornography and who have been ordered to make restitution to "Vicky" or "Amy."

IT IS SO ORDERED.

DATED this 2nd day of November, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.